# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ROBERT WILLIAMS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | Case No. CV410-260 |
| DENNIS BROWN, | ) ) ) | |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

Robert Williams, currently incarcerated at Augusta State Medical Prison in Augusta, Georgia, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Williams appears to lack sufficient resources to pay the filing fee, so his motion to proceed *in forma pauperis* (doc. 3) is **GRANTED**. But because it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," this case should be summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to include a one-year statute of

limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, ___ U.S. ___, 129 S. Ct. 681, 685 (2009). A state criminal judgment becomes final "'on the date on which the [United States] Supreme Court issues a decision on the merits or denies certiorari, or . . . on the date on which defendant's time for filing such a petition expires.'" *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (*quoting Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002)); *Jimenez*, 129 S. Ct. at 685.

The one-year limitations period is tolled, however, when a state prisoner properly files an application for state collateral review. 28 U.S.C. § 2244(d)(2); *see Ford v. Moore*, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). Although the filing of a state habeas action tolls the one-year limitations period, it does not reset the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state

habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). That is, the days between the date upon which the conviction became final and the beginning of state habeas review are counted toward the limitations period.

Here, petitioner was convicted of sale of marijuana and simple battery in the Chatham County Superior Court on September 13, 2005. (Doc. 1 at 1.) The Georgia Court of Appeals affirmed his conviction and sentence on August 21, 2007. *Williams v. State*, 287 Ga. App. 40 (2007). Williams did not seek Georgia Supreme Court review, so his state criminal conviction became final on August 31, 2007, 10 days after the Georgia Court of Appeals affirmed his conviction. *See Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006) (holding that state criminal judgment becomes final ten days after Georgia Court of Appeals affirms conviction, where petitioner could have sought review during 10-day period in Georgia Supreme Court, but did not, so that he was not entitled to seek review in United States Supreme Court). He did not seek collateral relief in state court, so no time can be tolled for that reason.

(*Id.* at 4.)  Thus, more than three countable years elapsed between the date that his judgment became final and the filing of this federal habeas petition.[1]

Williams's petition is untimely by many years and should be **DISMISSED**.  Moreover, applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this ___20th___ day of December, 2010.

>                              _____
>                              UNITED STATES MAGISTRATE JUDGE
>                              SOUTHERN DISTRICT of GEORGIA

---

[1] He did not date the petition, but it was mailed on October 27, 2010 and received by the Court on November 1, 2010.

4